# EXHIBIT

# A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| | |
|---|---|
| In re Metformin Marketing and Sales Practices Litigation | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:20-cv-2324-MCA-MAH |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
CVS Health/Caremark
C/O The Corporation Trust Company,
Corporation Trust Center 1209 Orange St., Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached "Exhibit A."

| | |
|---|---|
| Place: Troutman Pepper Hamilton Sanders LLP 301 Carnegie Center Dr. STE 400, Princetone, NJ 08540 | Date and Time: 3/6/2024 5:00 pm |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    2/15/2023

| CLERK OF COURT | OR | *Melissa A. Chuderewicz* |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Amneal Pharmaceuticals, Inc. and Amneal Pharmaceuticals LLC _____ , who issues or requests this subpoena, are:

Melissa A. Chuderewicz, 301 Carnegie Center Dr STE 400, Princeton, NJ 08540, 609.951.4118, melissa.chuderewicz@troutman.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:20-cv-2324-MCA-MAH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

1.      "You" or "Your" means Caremark, LLC, and each of Caremark, LLC's past or present officers, directors, employees, partners, principals, members, agents, representatives, attorneys, parents, subsidiaries, affiliates, related entities, assigns, predecessors-in-interest, successors-in-interest, and every person or entity acting or who has ever acted on its behalf.

2.      "Covered Lives" means the persons (and their dependents) enrolled in a health benefit program.

3.      "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and include, without limitation, all writings of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, paper documents of any kind, communications, correspondence, memoranda, notes, diaries, statistics, letters, electronic mail, text messages, electronic files of any type or nature, all other forms of electronic communication, telegrams, minutes, contracts, reports, studies, text, statements, receipts, returns, ledgers and journals and other expense records, summaries, pamphlets, directives, policies, legal pleadings, handwritten notes, books, prospectuses, inter-office and intra-office communications, offers, notations or recordings of any sort regarding conversations, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, computer generated or stored information and recordings. The term "Document" expressly includes electronic or magnetic data, which should be produced in its unaltered, native-file format in which such data is ordinarily kept. All documents should be produced without alteration and with any and all exhibits and attachments thereto. The term "Document" is inclusive of the term "Communication" and all electronically stored information, as referenced in Federal Rule of Civil Procedure 34.

4.      "MCD" or "MCDs" means any drug or combination drug containing metformin.

5.      "Relevant NDC" means all NDCs for any diabetes medication.

6.      "Spread pricing" means the difference between the price You charge a client for a covered member's prescription and the price You reimburse the entity that dispensed the drug, wherein the amount charged by You is greater than the amount You pay the entity that dispensed the drug.

1

## INSTRUCTIONS

1.  The Relevant Time Period shall be June 18, 2015, through the present, and all Requests, unless otherwise specified, seek the requested Documents that were created during, in effect during, modified during, obtained during, reviewed during, and/or are related to the Relevant Time Period.  The definition and scope of the term Relevant Time Period does not constitute an admission by Defendants or evidence with respect to the appropriate definition of any class which may be certified in the above-captioned matter or in any other matter involving MCDs or other Diabetes Medications.

2.  Each Request shall be construed as being inclusive rather than exclusive.  The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.  The present tense shall include the past and future tenses.  The singular shall include the plural, and the plural shall include the singular. The masculine includes the feminine and neutral genders.

3.  The documents requested herein shall be organized and labeled to correspond to the paragraph(s) of these requests to which they are responsive.

4.  You are required to produce all responsive Documents that are within Your possession, custody, or control.  The potential availability of any Document by way of subpoena, public record access, authorization for release, or via another source does not excuse Your obligation to produce materials in Your possession, custody, or control.

5.  You must respond in writing and separately to each Request.  If no such Documents are within Your possession, custody or control, so state affirmatively.  If You have searched for and produced all Documents within Your possession that are responsive to a request as part of the Plaintiff Fact Sheet process, so state affirmatively. If You are aware that responsive Documents exist but are outside of Your possession, custody, or control, identify the persons or entities with possession of such Documents.

6.  These Requests seek only non-privileged information.  However, if any Document(s) responsive to these Requests is withheld on the basis of such privilege, a privilege log shall be provided that complies with the privilege log requirements of the Electronic Discovery Protocol in this case [ECF No. 183].

7.  In the event that any document called for by these requests has been destroyed or discarded, that Document is to be identified by indicating: (i) the type of Document; (ii) the subject matter of the Document; (iii) the date of the Document; (iv) author(s), addressee(s) and recipient(s) of the Document; (v) number of pages; (vi) the identity of any enclosure(s) or attachment(s); (vii) persons to whom distributed, shown, or explained; (viii) date of destruction or discard and reason for destruction or discard; and (ix) persons authorizing and carrying out such destruction or discard.

8.  Unless otherwise specified, each request shall be construed independently, and no request limits the scope of any other request.

9.       These Requests are propounded without prejudice as to Defendants' rights to serve additional discovery (or seek leave of Court to serve additional discovery) requests upon any or all Plaintiffs or third-parties.

10.      Documents related to the operation of your mail order (*i.e.*, home delivery) or retail pharmacies, to the extent such pharmacies exist, are not responsive to these Requests, unless those documents also relate to Your function as a pharmacy benefit manager.  Defendants reserve the right to serve additional Requests seeking Documents related to the operation of Your mail order or retail pharmacies.

## DOCUMENT REQUESTS

1.       Documents sufficient to show the number of Covered Lives for whom you provided pharmacy benefit services during the Relevant Time Period.

2.       Transactional data, such as claims data, for each purchase of any Relevant NDC adjudicated by you during the Relevant Time Period and all associated database fields (other than those containing protected health information under the Health Insurance and Portability Act of 1996), including but not limited to:

    a.       NDC of the prescription filled (*e.g.,* 53746-178-90);
    b.       Drug name (*e.g.,* Metformin ER);
    c.       Drug dose (*e.g.,* 500 mg);
    d.       Number of pills or other units dispensed;
    e.       Date Drug Dispensed;
    f.       Name of the pharmacy or service provider that filled the prescription;
    g.       State in which the pharmacy or service provider is located;
    h.       All ID numbers for the pharmacy or service provider, including National Council for Prescription Drug Programs ("NCPDP") number, processor ID number, and service provider ID;
    i.       ID number or code (*e.g.,* affiliation code, dispenser class, and dispenser type) that identifies the type of service provider that filled the prescription;
    j.       The name and ID number of your client;
    k.       ID number or other unique identifier for the client's insured or beneficiary;
    l.       State in which your client is located;
    m.       Total dollar amount paid by you to the pharmacy, for the prescription;
    n.       Ingredient cost, Maximum Allowable Cost ("MAC"), Maximum Reimbursable Amount ("MRA"), Average Wholesale Price ("AWP"), usual and customary ("U&C") cost, or any other pricing terms applicable to the prescription;
    o.       Fields pertaining to spread pricing;
    p.       The price of the prescription charged by the pharmacy or service provider;
    q.       The formula or basis used to calculate the price of the prescription charged by the pharmacy or service provider (*e.g.,* MAC, MRA, AWP-X, U&C, etc.);
    r.       Dispensing fee;
    s.       Any associated clawbacks;
    t.       Total amount paid by your client (*e.g.,* total amount billed);

u.    The total amount paid by the client's insured or beneficiary (*e.g.,* patient pay amount, patient out-of-pocket, etc.);

v.    The health plan under which the prescription was covered;

w.    Whether the health plan is a fully insured or self- insured;

x.    Copay amount, co-insurance amount, deductible amount, and any other amount paid by the client's insured or beneficiary;

y.    The formula or price basis used to calculate the price of the prescription paid to you by your client (*e.g.,* MAC, MRA, AWP-X, U&C, etc.);

z.    Administrative fee;

aa.    Days Supply;

bb.    Mail Order or Not;

cc.    State of Residence of Insured;

dd.    Net Paid by Third Party Payer;

ee.    Claim Identifier;

ff.    Claim Status, if not limited to final disposition of the claim;

gg.    Date of Purchase;

hh.    Date Pharmacy Paid;

ii.    Coordination of Benefits ("COB") amount;

jj.    COB Payer;

kk.    Billing Identifier, including all information regarding the entity to which payment was submitted (*e.g.,* billing identifier, bill-to entity name, and bill-to address).

3.    All data and Documents relating in any way to copay clawbacks or to your practices or procedures when a member's copayment equals or exceeds the amount due to or charged by the associated pharmacy.

4.    All data and Documents relating in any way to Spread Pricing related to the Relevant NDCs.

5.    All data and Documents related to any guarantees You make to Your clients regarding the cost or aggregate cost of generic pharmaceuticals, including generic effective rate guarantees, generic dispensing rate guarantees, and overall generic guarantees.

6.    All data and Documents related to any guarantees You make to pharmacies regarding the cost or aggregate cost of generic pharmaceuticals.

7.    Representative samples of contracts with the pharmacies and/or pharmacy services administrative organizations in your network(s) for each year during the Relevant Time Period, including (but not limited to) formularies and reimbursement terms.

8.    Your contracts with TPPs and other clients, including but not limited to capitation contracts, for each year during the Relevant Time Period, including formularies and reimbursement terms.

9.    Transactional data showing the rebates you received from manufacturers with respect to the utilization of any Relevant NDC. The rebate data should be separately provided for each NDC.

4

10.    Transactional data showing the rebates you paid to clients with respect to the utilization of any Relevant NCD. The rebate data should be separately provided for each NDC.

11.    All data and Documents related to how Your data may be used to identify:
   a.    Your client's funding status, including whether your client is fully-funded, self-funded, or funded via another type of arrangement
   b.    Whether Your client is operating as a plan sponsor, TPA, or ASO
   c.    What entity is ultimately responsible for payments if your client is a TPA or ASO
   d.    Whether Your client is a federal or state entity, or affiliated with a state or federal entity
   e.    Whether Your client is associated with a Medicare, Medicaid, or commercial plan
   f.    Whether Your client is an HMO or is renting an HMO network
   g.    A member's residence at the time of a claim
   h.    A member's payment obligations, including copays, coinsurance, deductibles, and out-of-pocket maximums
   i.    How a member's payment responsibility amount is calculated
   j.    Whether Your client uses level funding
   k.    Whether You shared risk with your client