# EXHIBIT

# B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

   ❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|

   ❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                    *CLERK OF COURT*
                                                                OR

_____          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## SCHEDULE A

**I. DEFINITIONS**

Plaintiffs hereby adopt the following uniform definitions and rules of construction for this subpoena:

1. "Action" refers to *In re: Metformin Marketing and Sales Practices Litigation*, Civil Action No. 2:20-cv-2324(MCA)(MAH) (D.N.J.).

2. "Communication" or "Communications" means any exchange of information, words, numbers, pictures, charts, studies, or graphs by any means of transmission, sending, or receipt of information of any kind by or through any means, including, but not limited to, personal delivery, speech, writings, documents, language (machine, foreign, or otherwise) of any kind, computer electronics or ESI (as defined below in 9), sound, radio, or video signals, telecommunication, telephone, teletype, facsimile, mail, telegram, microfilm, microfiche, photographic film of all types, or other media of any kind. "Communication" or "Communications" also includes, but is not limited to, all inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, press, publicity, or trade releases.

3. "Complaint" refers to the Third Amended Consolidated Economic Loss Class Action Complaint [ECF No. 443], or any subsequently filed complaints in the Action.

4. "Correspondence" means any letter, memorandum, note, e-mail, facsimile, text message, instant message, Internet message board posting, Blackberry message, iMessage, or any other writing containing a communication from one person to another.

5. "Diabetes Medication" means any drug or pharmaceutical product used for the treatment of type 2 diabetes, including MCDs and any alternative medications used to treat those conditions as included on Exhibit A.

1

6. "Document" is used in the broadest possible sense and means, without limitation, any written, electronic, printed, typed, photostated, photographed, recorded, or otherwise reproduced matter of any kind, including the originals and all non-identical copies thereof (whether different from the originals by reason of any notation made on such copies or otherwise) including, without limitation, minutes, agendas, contracts, agreements, reports, summaries, presentations, interoffice and intra-office communications, offers, notations of any sort of conversations, diaries, appointment books or calendars, teletypes, thermofax, confirmations, and all drafts, alterations, modifications, changes and amendments to any of the foregoing, and all graphic, electronic, or manual records or representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotape, motion pictures and electronics, mechanical or electronic records or representations of any kind, including, without limitation, tapes, cassettes, discs, magnetic cards and other such recordings.

7. "ESI" means electronically stored information and includes, but is not limited to, the following: all items covered by Fed. R. Civ. P. 34(a)(1)(A); files, information, or data that are generated, received, processed, recorded, or stored by computers or other electronic devices, including metadata (*e.g.*, author, recipient, file creation date, file modification date, etc.); files, information, or data saved on backup media, including tapes and hard drives; files, information, or data stored on external servers administered and maintained by third parties; files, information, or data stored on employees' smartphones, notebook computers, or other portable computing devices used for work purposes; internal or external websites; output resulting from the use of any software program, application, platform, or the like, including, but not limited to, word processing documents, spreadsheets, database files, charts, graphs, outlines, images, electronic mail, instant messages (or similar programs), bulletin board (or online forum) programs, source code, PRF files,

PRC files, batch files, ASCII files, and all miscellaneous media on which they reside, regardless of whether such data exists in an active file, a deleted file, or file fragment; activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage, or transmittal, such as, but not limited to, personal digital assistants, hand-held wireless devices, smartphones, tablets, or similar devices.

8.  "Including" is used to emphasize the type of document requested and does not limit the request in any way.

9.  "MCD" or "MCDs" means any drug or combination drug containing metformin, including brand name drugs.

10. "Plaintiffs" means the plaintiffs in the Action.

11. "PBM" means pharmacy benefit manager.

12. "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity or association. "Person" includes any natural person, firm, association, organization, partnership, limited partnership, sole proprietorship, trust, corporation, or legal or governmental entity, association, or body.

13. "Refer" or "relate" or "referring" or "relating" means all documents which comprise, explicitly or implicitly refer to, were reviewed in conjunction with, or were created, generated, or maintained as a result of the subject matter of the request, including, but not limited to, all documents which reflect, record, memorialize, embody, discuss, describe, evaluate, analyze, compare, consider, review, report on, comment on, impinge upon, or impact the subject matter of the request.

14. "You" or "Your" means the entity that is the subject of this subpoena, including any of your present and former divisions, segments, subsidiaries, parents, affiliates, predecessors, successors, and assignees; your present and former officers, directors, partners, employees, agents, consultants, accountants, and lawyers; and all other persons who are acting or who have acted on behalf of, or who are or have been subject to the direction or control of you.

15. All/Each. The terms "all" and "each" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

17. The singular shall include the plural and the disjunctive shall include the conjunctive, and vice versa.

## II. INSTRUCTIONS

1. All documents shall be produced as they are maintained in the ordinary course of business and shall be produced in their original folders, binders, covers, or containers, or facsimile thereof, *i.e.*, documents maintained electronically shall be produced in the manner in which such documents are stored and retrieved.

2. In responding to these requests, you shall produce all responsive documents (including those stored electronically), which are in your possession, custody, or control, or in the possession, custody, or control of your predecessors, successors, parents, subsidiaries, divisions, or affiliates, or any of your respective directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives. A document shall be deemed to be within your

control if, for example, you have the right to secure the document or a copy of the document from another Person having possession or custody of the document.

3. Plaintiffs reserve their right to request inspection of the original documents, including those stored electronically, as they are kept in the usual course of business.

4. To the extent that there are documents containing information relevant to these requests that are currently in electronic format, the documents are to be produced in their native format.

5. If production of documents is withheld on the ground of privilege, as to each such withheld document, state the following information:

    (a) Which privilege is claimed;

    (b) Who is asserting the privilege;

    (c) A precise statement of the facts upon which said claim of privilege is based;

    (d) The following information describing each purportedly privileged document:

        (i) A brief description sufficient to identify its nature, *i.e.*, Agreement, letter, memorandum, type, etc.;

        (ii) A brief description sufficient to identify its subject matter and purpose of the document;

        (iii) The date it was prepared;

        (iv) The date it bears;

        (v) The date it was sent;

        (vi) The date it was received;

        (vii) The identity of the person preparing it;

        (viii) The identity of the person sending it;

        (ix) The identity of each person to whom it was sent, or was to have been sent, including all addresses and all recipients of copies;

    (x) A statement as to whom each identified person represented, or purported to represent, at all relevant times; and

    (xi) All persons to whom its contents have been disclosed; and

  (e) A precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file.

6. If a portion of any document responsive to these requests is withheld under claim of privilege, pursuant to Instruction No. 5, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

7. You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 5 and 6 above), regardless of whether you consider the entire document to be relevant or responsive to the requests.

8. Whenever a document is not produced in full or is produced in redacted form, so indicate on the document, state with particularity the reason or reasons it is not being produced in full, and describe to the best of your knowledge, information, and belief, and with as much particularity as possible, those portions of the document which are not being produced.

9. If a document responsive to these requests was at any time in your possession, custody, or control, but is no longer available for production, as to each such document, state the following information:

  (a) Whether the document is missing or lost;

  (b) Whether it has been destroyed;

  (c) Whether the document has been transferred or delivered to another person and if so, at whose request;

  (d) Whether the document has been otherwise disposed of; and

  (e) A precise statement of the circumstances surrounding the disposition of the document and the date of its disposition.

10. With respect to any category of documents, the production of which you contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

11. The fact that a document is produced by another party does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical in all respects.

12. This is a continuing request for the production of documents. If, after making your initial production, you obtain or become aware of any further documents responsive to these requests, you are required by Fed. R. Civ. P. 26(e) to produce such additional documents to Plaintiff.

### III. RELEVANT TIME PERIOD

Unless otherwise specifically indicated, the following requests refer to the period from June 18, 2015, through the present (the "Relevant Time Period") and shall include all documents and information that relate to such period, even if prepared or published outside of the Relevant Time Period.

### IV. DOCUMENTS REQUESTED

1. Transactional claims data for all MCDs and replacement Diabetes Medication, including the following categories of fields in a tab-delimited ASCII text file or similar electronic format, from the Relevant Time Period. The data shall be produced in a claim-by-claim format and include complete documentation including lists of fields, parameters of those fields (*e.g.*, field lengths, formats, etc.), descriptions of information contained in those fields, and descriptions of any codes appearing in any of those fields (*e.g.*, claim status codes, etc.), as well as the following information:

    a. Unique claim identifier;
    b. Group number;
    c. Member number;

  d. Member state;
  e. Identification of the type of insurance plan, and indication if uninsured;
  f. Third-party Payer information, including name, plan, Pharmacy Benefit Manager (PBM);
  g. Pharmacy National Provider Identifier (NPI) number;
  h. Pharmacy number;
  i. Pharmacy name;
  j. Pharmacy address;
  k. Pharmacy city;
  l. Pharmacy state;
  m. Pharmacy ZIP code;
  n. Date and time the prescription was filled;
  o. Date and time the prescription was paid;
  p. Refill number;
  q. Full 11-digit National Drug Code (NDC) number
  r. Drug Lot number;
  s. Drug label name;
  t. Claim status (*e.g.*, paid, reversed, adjusted);
  u. Basis of price determination (*e.g.*, Average Wholesale Price (AWP), Maximum allowable Cost (MAC), Federal Upper Limit (FUL), billed amount, usual & customary, Estimated Acquisition Cost (EAC));
  v. Information sufficient to identify the use of a coupon or discount;
  w. Mail order indicator (*e.g.*, indicates if the claim was mail order or retail);
  x. Ingredient cost;
  y. Dispensing fee;
  z. Pharmacy's billed amount;
  aa. Usual and Customary price (U&C);
  bb. Copay amount;
  cc. Coinsurance amount;
  dd. Any deductible amount;
  ee. Any other beneficiary paid amount;
  ff. Amount paid by primary payer;
  gg. Any amount paid by secondary and tertiary payer (*e.g.*, third-party liability (TPL) or coordination of benefits (COB));
  hh. Amount paid to pharmacy;
  ii. Any sales tax;
  jj. Total amount paid by Plaintiffs;
  kk. Total amount paid by Plaintiffs' beneficiary;
  ll. Quantity dispensed;
  mm. Unit of measure for the quantity dispensed (*e.g.*, number of pills, milligrams); and
  nn. Days supply.

      2.       Documents sufficient to authenticate the transactional claims data produced by You in response to Request No. 1, including to establish that the data is a business record pursuant to Federal Rule of Evidence 803(6).

## **EXHIBIT A**

- Acarbose (brand name Precose)
- Alogliptin (brand name Nesina)
- Albiglutide (brand name Tanzeum)
- Bromocriptine (brand name Cycloset)
- Bexagliflozin (brand name Benzavvy)
- Canagliflozin (brand name Invokana)
- Colesevalam (brand name Welchol)
- Dapagliflozin (brand name Farxiga)
- Dulaglutide (brand name Trulicity)
- Empagliflozin (brand name Jardiance)
- Ertugliflozin (brand name Steglatro)
- Exenatide (brand names Byetta, Bydureon, Bydureon Bcise)
- Glimepiride (brand name Amaryl)
- Glipizide (brand name Glucotrol XL)
- Glyburide (brand name Micronase)
- Linagliptin (brand name Tradjenta)
- Liraglutide (brand name Victoza)
- Lixisenatide (brand name Adlyxn)
- Miglitol (brand name Glyset)
- Nateglinide (brand name Starlix)
- Pioglitazone (brand name Actos)
- Pramlintide acetate (brand name Symlin)
- Repaglinide (brand name Prandin)
- Rosiglitazone (brand name Avandia)
- Saxagliptin (brand name Onglyza)
- Semaglutide (brand name Ozempic)
- Sitagliptin (brand name Januvia)
- Tirzepatide (brand name Mounjaro)
- Alpha-Glucosidase Inhibitors (brand name Precose or Glyset)
- Amylin Analog (brand name Symlin)
- Bile Acid Sequestrants (brand name Welchol)
- Dopamine Receptor Agonists (brand name Cycloset)
- DPP- 4 Inhibitors (brand name Nesina, Tradjenta, Onglyza, Januvia)
- GIP receptor/GLP-1 Receptor Agonists (brand name Mounjaro)
- GLP-1 Receptor Agonists (brand name Tanzeum, Trulicity, Byetta, Bydureon, Bydureon Bcise, Victoza, Adlyxn, Ozempic)
- Meglitinides (brand name Starlix, Prandin)
- SGLT2 Inhibitors (brand name Benzavvy, Invokana, Farxiga, Jardiance, Steglatro)
- Sulfonylureas (brand name Amaryl, Glucotrol XL, Diabeta, Glynase, Micronase)
- Thiazolidinediones (brand name Actos, Avandia)
- Alogliptin and pioglitazone (brand name Oseni)
- Dapagliflozin and saxagliptin (brand name Qtern)

- Empagliflozin and linagliptin (brand name Glyxambi)
- Ertugliflozin and sitagliptin (brand name Steglujan)
- Pioglitazone and glimepiride (brand name Duetact)
- Rosiglitazone and glimepiride (brand name Avandaryl)
- Sitagliptin and simvastatin (brand name Juvisync)